*P. L. Spooner* and *J. Ryman,* for the defendants.

## Ross *v.* The City of Madison.

The contracts of corporations rest upon the same footing as those of natu-
ral persons, and are valid without seal, whether expressly made by the
corporation, or arising by implication from the general relations of the
agent towards the corporation, or from the ratification of acts done by
persons assuming to act as agents, although without sufficient authority.

Municipal corporations are responsible to the same extent, and in the same
manner, as natural persons for injuries occasioned by the negligence or
unskilfulness of their agents in the construction of work for the benefit
of the cities under their government.

Where the records of municipal corporations are kept in an imperfect man-
ner, and there is no written evidence in existence to prove that certain
work was done by the authority of the council, parol testimony will be
admitted to prove that fact.

ERROR to the *Jefferson* Circuit Court.                 *Friday,*
Smith, J.—The plaintiff in error brought an action on *January 19, 1849.*
the case against the city of *Madison,* alleging that, on the
10th of *August,* 1842, he was the owner of a tan-yard,
with tenements and fixtures, and with quantities of
leather tanned and in the process of tanning; and that
the defendant, on said day, did erect, maintain, and keep
a culvert and embankment across a certain run or brook
on *Second* street in said city, which was so unskilfully,
carelessly, and badly erected that by means thereof large

Nov. Term,
1848.

Ross
v.
The City of
Madison.

quantities of water were made to overflow said tan-yard, which injured and destroyed the property therein to the plaintiff's damage, &c.

Two pleas were filed by the defendant. The first, is, "not guilty." The second plea alleges, in substance, that said culvert was built with the consent of the plaintiff, and that it is a benefit to him, and of public utility. Issues were joined upon these pleas. Trial by jury, and verdict and judgment for the defendant, a motion for a new trial having been overruled.

It appears, by a bill of exceptions, that, on the trial of the cause, the plaintiff called, as a witness, *Moody Parke*, Esq., who testified that he was mayor of the city, and had been ever since it was incorporated, and had in his possession the records thereof. He then read from those records sundry entries, showing that a resolution had been introduced at a meeting of the common council directing the appropriation of the sum of 50 dollars for the improvement of the *Lawrenceburgh* road; and that afterwards allowances had been made by the council for the payment of sums of money to divers persons for building a culvert and making an embankment on the *Lawrenceburgh* road, near *Ross's* tan-yard.

The plaintiff then, after introducing some evidence to prove his ownership of the premises described in the declaration, and that the street where the culvert was built was known and designated both as *Second* street and as part of the *Lawrenceburgh* road, proposed to prove, by the parol testimony of the mayor, that the resolution for the expenditure of 50 dollars on the *Lawrenceburgh* road had been adopted by a unanimous vote of the council, but that the clerk had neglected to make the proper entry, and that there is no record of said adoption other than the entries just mentioned. He also offered to prove, by the parol testimony of *John Marsh*, a member of the council, that the said *Marsh* and *William Ford* were appointed a committee to make the expenditure; that said committee examined the place where the culvert is situated, and reported to the council that a culvert

was necessary; that the council then, by a vote, directed them to proceed to erect a culvert; that after it was completed and examined by them they made a further report, which was adopted, and that appropriations were made by the council to pay for the labor 'and materials employed and used in its construction; that said reports were in writing, but had been lost or destroyed, and that there are no other records of said council in relation to these proceedings than those produced and read by the mayor.    The plaintiff also proposed to prove by his witnesses that the damages sustained by him resulted from the negligent, insufficient, and unskilful manner in which the culvert was built.    The Court refused to permit any of this testimony to be given.

The above being all the evidence in the case going to prove that the culvert had been built by the authority of the defendant, the Court instructed the jury that if they found that the entries read from the records of the common council by *Moody Parke*, Esq., constituted all the written evidence tending to prove that the defendant authorized the construction of the culvert specified in the plaintiff's declaration, they must find for the defendant.

We think this instruction was wrong.    The *English* rule was, and still appears to be, that corporations aggregate cannot enter into contracts of an important nature except under the common seal.    *Arnold* v. *The Mayor of Poole*, 4 Man. & Grang. 860.    But in this country it is well established that the contracts of corporations rest upon the same footing as those of natural persons, and are valid, without seal, whether expressly made by the corporation, or arising by implication from the general relations of the agent towards the corporation, or from the ratification of acts done on behalf of the corporation by parties assuming to act as agents although without sufficient authority.    Story on Agency, ss. 52, 53.    See also cases cited in a note appended to the case of *The Mayor of Ludlow* v. *Charlton*, 6 Mess. & Welsb. 824, Amer. Ed.    The same doctrine, indeed, was recognized by this Court in the case of *Richardson* v. *The St. Joseph*

*Iron Co.*, 5 Blackf. 146. It may also be considered as settled that municipal corporations are responsible to the same extent and in the same manner as natural persons, for injuries occasioned by the negligence or unskilfulness of their agents in the construction of works for the benefit of the cities or towns under their government. *Mc-Combe* v. *The Town Council of Akron*, 15 Ohio R. 474 (1). —*City of New York* v. *Bailey*, 2 Denio 433. The last cited case was an action against the corporation of the city of *New York* for negligence in constructing the dam across the *Croton* river, where that stream is diverted for the purpose of supplying the city of *New York* with water, in so unskilful a manner, that, on the occasion of a freshet in the river occurring after its erection, the dam was swept away and the plaintiff's buildings and property, situated below on the stream, carried off and destroyed by the water which had accumulated. The dam had been constructed by water commissioners over whom the city had no control, but it was held that the corporation was liable on the ground that the dam was its property, and that such corporation was legally bound to see that its property was not used by any one so as to become noxious to the occupiers of property in the vicinity.

In the present case there was some evidence adduced from the records of the corporation, tending to prove that the latter had ratified the construction of the culvert in question, by making allowances for the payment of the persons by whom it had been built; and if the parol evidence of an authority given to a committee of the council to contract with those persons had been properly rejected, we think it should have been left to the jury to determine whether the record evidence admitted was or was not sufficient to raise the implication that the work was done under the authority of the corporation.

But if, owing to the imperfect and careless manner in which the records were kept, there was no written evidence in existence to prove clearly that the work was done by the authority of the council, the plaintiff had a right to prove that fact by parol testimony. We think,

therefore, the verbal evidence offered by him should have been admitted.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded for a new trial, &c.

*J. G. Marshall, J. D. Glass,* and *J. Sullivan,* for the plaintiff.

*M. G. Bright,* for the defendant.

<div style="text-align: right">Nov. Term,
1848.

(1) A municipal corporation, like an individual, is liable for injuries resulting to the property of others from the acts of such corporations, though acting within the scope of its corporate authority, and without any circumstances of negligence or malice.—*McCombs* v. *Town Council of Akron,* 15 Ohio R. 474.