CITY OF GARY *v.* RUSSELL

[No. 18,343. Filed June 12, 1953.]

*Paul R. Piazza,* City Attorney of Gary, and *Howard H. Hill,* Assistant City Attorney of Gary, for appellant.

Edgar J. Call, Dean J. Call and Call & Call, all of Gary, and Thomas Dumas, of Rensselaer, for appellee.

BOWEN, J.—This is an appeal from a judgment in an action for damages for personal injuries allegedly sustained by the appellee while driving his automobile on the public streets maintained by the appellant City of Gary. The complaint alleged that the injuries were due to a certain defect existing in the pavement of the street, which defect was allegedly caused by the negligence of the appellant in maintaining the street and failing to repair the same. Issues were joined on appellee's complaint and the appellant's answer thereto. The cause was tried to a jury, and the jury returned a verdict for appellee in the sum of $1,000 and judgment was rendered thereon.

Errors assigned for reversal question the sufficiency of the notice served upon the city by the appellee plaintiff prior to the bringing of such suit. The appellant claims that the court erred in overruling the appellant's objection to the introduction into evidence of an exhibit, which was the notice, and that the trial court erred in overruling appellant's motions for directed verdicts at the conclusion of plaintiff's evidence and at the conclusion of all the evidence, that the trial court erred in overruling appellant's motion for a new trial, which motion, in addition to questioning the notice, alleged that the verdict of the jury was not sustained by sufficient evidence, and that the verdict of the jury was contrary to law.

The appellant contends that the notice which was served upon the city was not in compliance with the provisions of the statute, §48-8001, Burns' 1950 Replacement, Acts 1935, ch. 80, §1, p. 235. The appellant urges that the notice in question was not "signed by the person

giving the same" in accordance with the requirements of the statute. The notice in question was a typewritten paper and in substance was as follows:

"NOTICE

"The City of Gary, Lake County, Indiana, is hereby notified that on July 20, 1947, and for several weeks immediately prior thereto, the City of Gary, Lake County, Indiana, by and through its agents, servants, officers and employees, suffered and permitted the pavement on 25th Avenue in said city, at the intersection thereof with Taft Street in said city, to become damaged and worn whereby a deep, jagged hole was permitted to become worn in said pavement at said point, which hole in said pavement was approximately 14" in diameter, and approximately 5" in depth, and permitted thereafter the said hole in said pavement to continue in said condition unrepaired and unattended to for a period of several weeks without erecting any barrier, sign or warning whatsoever to motorists lawfully upon said public street in said city of the existence of said hole in said pavement; that said hole was not readily visible because of the type of pavement on said public street and constituted a dangerous and hazardous condition to motorists and other persons lawfully upon said public street. That on July 20, 1947, the undersigned Clement Russell was driving his automobile eastward upon said public street in a careful and prudent manner, and at said intersection at about 6:20 o'clock P. M., and without any previous knowledge or information of the existence of said hole in said pavement, that the left front wheel of his automobile struck said hole in said pavement whereby the steering wheel of his said automobile was jerked out of his hands and his automobile was abruptly thrown to the left side of said pavement and into, upon and against an embankment and ditch thereat, by reason of which the undersigned was temporarily knocked unconscious and suffered the following injuries, to-wit: . . . (appellee's injuries are particularly and specifically described in the notice); that all of his said injuries and damages were caused as a direct and proximate

result of. the carelessness and negligence of said City of Gary in failing to repair said hole. in said public street and in failing to erect any barrier or warning signal or device whatsoever as to the existence of said hole in said pavement.

"That this notice is given pursuant to the provisions of the Statutes of the State of Indiana.

"Dated this 18th day of September, 1947.

Clement Russell

by————————————————his
attorney and duly authorized agent"

Prior to 1935 and the passage of the present statute, §48-8001, *supra,* the statute not only required a written signature of the claimant but it required that the signature be verified. The appellant asserts that the signature to the notice in question was improper because the name of the appellee claimant was typewritten at the end of the notice and that by reason of §1-201, Burns' 1946 Replacement, which states that "in all cases where the written.signature of any person is required, the proper handwriting of such person, or his mark, shall be intended." The appellant insists that the notice is defective and that the giving of such defective notice is the same as giving no notice at all and that the appellee, therefore, did not have the right to maintain the action against the appellant, City of Gary.

The appellant does not question the body of the notice served, nor that the City of Gary did not have proper and adequate notice as to all of the necessary particulars required to be contained in a statutory notice, except that the name of the claimant was typewritten instead of subscribed or signed in claimant's handwriting at the end of the notice. The liability of the city in the instant case is statutory, and

one asking the benefit of the statute must show he is within its provisions, including the one requiring notice. *City of Indianapolis* v. *Uland* (1937), 212 Ind. 616, 10 N. E. 2d 907.

The decisions of our courts interpreting our statute are in accord with the majority weight of authority in this country and require substantial compliance with the statute, which includes the necessity of giving to municipal authorities proper notice as to the date and time, the place, the conditions and cause, and the nature and extent of the injury and damage. The object of our statute is to afford municipal authorities an opportunity to investigate the facts concerning an accident allegedly caused by the negligence of such municipality and its officers while such evidence is available. McQuillin, Municipal Corporations, 2d Edition, Vol. 6, Ch. 53, §2895, and cases therein cited.

This court stated in *City of Gary* v. *McNulty* (1935), 99 Ind. App. 641, 194 N. E. 193:

"The provisions of this section of the statute are mandatory. The giving of the notice is a condition precedent to a right of action. The statute is strictly construed in its requirement that notice be given within the specified time and to the proper officers. But on the question whether a notice in fact given is sufficiently definite as to the time, place, nature, and extent of the injury, the rule of liberal construction is generally adopted by the courts. We think the notice contained facts sufficient to inform the city officials of the time, place, nature, and extent of the injuries, so that by the exercise of reasonable diligence, and without other information from the appellee, they could find the place where it was claimed the accident happened, resulting in the injuries. It directed their attention with reasonable certainty to the place of the accident. This answered the intent and purpose of the statute. 'It was not intended that the terms of the notice should be used as a stumbling block or pitfall to prevent

recovery by meritorious claimants.' *City of East Chicago* v. *Gilbert* (1915), 59 Ind. App. 613, 108 N. E. 29, 109 N. E. 404; *Town of French Lick* v. *Allen* (1917), 63 Ind. App. 649, 115 N. E. 79; *City of Terre Haute* v. *O'Neal* (1920), 72 Ind. App. 485, 126 N. E. 26; *McComb* v. *City of Chicago* (1914), 263 Ill. 510, 105 N. E. 294. The demurrer was properly overruled."

Cases construing our statute have held that a notice is proper where the claimant has authorized another to sign his or her name to such notice. *City of Terre Haute* v. *Pigg* (1940), 108 Ind. App. 68, 27 N. E. 2d 137; *City of Huntingburg* v. *Hocker* (1921), 76 Ind. App. 435, 130 N. E. 814. In the instant case the appellee's testimony reveals that he authorized his attorney to take any steps necessary for the prosecution of his case. The notice contained the typewritten name of the claimant. We are called upon to determine in the first instance in this jurisdiction whether the affixing of the typewritten signature is sufficient under our statutes relating to the signature required to be affixed to a notice to municipal corporations prior to the bringing of a suit. Our statute requires that the notice be signed. As the Supreme Court of this state in *Hamilton* v. *State* (1885), 103 Ind. 96, 2 N. E. 299, pointed out "a statutory requirement that an instrument in writing, or a pleading, shall be 'signed' by some person or officer to make it complete, is much more general and comprehensive than a similar requirement that such an instrument or pleading must be 'subscribed' ". In *Hamilton* v. *State, supra,* the statute contained a requirement that an indictment found by the grand jury "must be signed by the prosecuting attorney." Since the statute in the case at bar contains a requirement that the notice must be signed, and since the requirements of the criminal law demand strict compliance with all formalities

in order to secure the complete protection of the accused, the reasoning of the Supreme Court is particularly persuasive when it stated in such case:

"Error is first assigned upon the refusal of the circuit court to quash the indictment.

"Section 1669, R. S. 1881, provides that after an indictment has been found by a grand jury, 'it must be signed by the prosecuting attorney,' and where an indictment is returned without his signature, section 1670 makes it the duty of the court to require the prosecuting attorney to sign it. Section 240 of the same revision of statutes, which prescribes certain rules for the construction of the statutes of this State, declares that 'The words 'written' and 'in writing' shall include printing, lithographing, or other mode of representing words and letters. But in all cases where the written signature of any person is required, the proper handwriting of such person, or his mark, shall be intended.'

"The word 'sign', as a verb, has several shades of meaning, and hence a statutory requirement that an instrument in writing, or a pleading, shall be 'signed' by some person or officer to make it complete, is much more general and comprehensive than a similar requirement that such an instrument or pleading must be 'subscribed' by the person or officer. 3 Parsons Cont., bottom p. 8. On the same principle, the 'signing' of a written instrument or pleading by a person or officer has a much broader and more extended meaning than attaching his 'written signature' to it implies. When a person attaches his name, or causes it to be attached, to a writing, by any of the known modes of impressing his name upon paper, with the intention of signing it, he is regarded as having 'signed' the writing. On that subject Waterman on the Specific Performance of Contracts, at section 240, says: 'Where the buyer's name was stated in the commencement, and signed with his initials, it was held sufficient. The signature may be in pencil. And if the party's name be printed or stamped on the memorandum, he intending it at the time as his signature, and affirming it to be such, it will constitute a signing within

the requirements of the statute. Thus, where a vendor inserted in a printed invoice, which contained his name, the name of the purchaser, it was held that there was such a ratification and adoption of the printed name as satisfied the statute.' See Rapalje & L. Law Dictionary, Title 'Sign-Signature;' Fry Spe. Perf. Cont., section 500; Chitty Cont., p. 549; also authorities cited by these authors.

"As the prosecuting attorney is required to sign an indictment as a matter of verification merely, there is no reason for enforcing a more rigid rule as to the validity of his signature than in cases of ordinary business transactions, to which the authorities above cited mainly have reference. This is plainly inferable from the fact that a prosecuting attorney may appoint a deputy, who, by virtue of his appointment, becomes authorized to sign the name of such prosecuting attorney to indictments, as well as to other pleadings filed, on behalf of the State, in a criminal cause. R. S. 1881, sections 5568, 5569, 5570; *Stout* v. *State,* 93 Ind. 150. If, therefore, the name of the prosecuting attorney be legibly attached to an indictment by his consent, whether express or implied, it is a sufficient 'signing' by him within the meaning of the statute, and when the name of the prosecuting attorney is found appended to an indictment, the presumption is that it was so appended by his authority."

By reason of the fact that the notice in the instant case fully apprised the defendant, City of Gary, of the appellee's claim in accordance with the provisions of our statutes relating to notice and the decisions as to substantial compliance therewith, and since the typewritten signature of appellee was contained in such notice, and the City could not have been misled, we hold that the notice in the instant case was proper and appellant's various assignments of error based upon the insufficiency of such notice are without merit.

Other assignments of error based upon the ground that the verdict of the jury was not sustained by suffi-

cient evidence do not take into account the conflicting evidence, and the evidence most favorable to appellee, and from an examination of the record it clearly appears that the verdict of the jury was sustained by sufficient evidence, and that the same was not contrary to law.

Judgment affirmed.

NOTE.—Reported in 112 N. E. 2d 872.