GALBREATH *v.* CITY OF INDIANAPOLIS.

[No. 270S31. Filed February 18, 1970.]

*Waldo C. Ging, Bernard Stroyman, Charles W. Ardery, Jr.,* Indianapolis, and *Waldo C. Ging, Ging, Free & Brand,* of counsel, Indianapolis, for appellant.

*Gary Landau,* Indianapolis City Attorney, for appellee.

HUNTER, C.J.—This case involves an action for personal injuries allegedly sustained by appellant when she stepped into a hole located at the southeast corner of Twenty-fifth [25th] Street and Keystone Avenue in Indianapolis, Indiana. The appellee-city filed a demurrer to the action on the basis that proper statutory notice of the occurrence complained of was not alleged. Upon a sustaining of the demurrer by the trial court, appeal was taken to the Appellate Court, Division No. Two, which affirmed. See *Galbreath* v. *City of Indianapolis* (1969), 145 Ind. App., 248 N. E. 2d 553.

Appellant, in her petition to transfer, alleges various grounds for transfer of the cause, all such grounds relating directly to the construction given the notice statute by the Appellate Court and the legal consequences flowing therefrom. The applicable statute requiring notice to be served on certain city officials appears at Ind. Ann. Stat. § 48-8001 (1963) and reads as follows:

"Hereafter no action or actions of any kind for damages arising from any negligence, wilfulness, nuisance, or other tort of any municipal corporation that causes injury to any person, or loss, injury or damage to any property, or any wrongful death, and regardless of to whom any such action or actions may accrue, shall be brought or maintained against any municipal corporation of this state unless there is first served upon either the mayor or clerk of any such city or a member of the board of trustees of any such town, either by delivery thereto in person or by registered mail with return card, a written notice of the occurrence complained of, setting out therein a brief general description of the date and time, the place, the conditions and cause, the nature and extent of the injury to person and loss, injury or damage, if any, to property, the date and cause of any resulting death charged as wrongful and the nature of the damages arising to anyone therefrom, all as associated with and caused by such occurrence. Such notice shall be dated and signed by the person giving the same and must be served as aforesaid so as to be received by some such municipal official aforesaid within sixty [60] days after the occurrence complained of, regardless of what causes of action may arise or result therefrom, except that where snow or ice is associated with such occurrence as the cause thereof, in whole or in part such notice shall be so served within thirty [30] days after such occurrence."

The notice given in the instant case consisted of communications between appellant's husband and the city legal department as follows. On the day following the accident, appellant's husband called the switchboard operator at the City-County Building in Indianapolis and explained the accident. He was then referred by the operator to one Lt. Gohman in the Legal Department. Apparently the investigating officer

at the scene of the accident had also told him that he would be submitting a copy of the investigation report to the legal department. Consequently, within two weeks of the accident, a letter was mailed to Lt. Gohman explaining briefly the details of the accident. Subsequently Lt. Gohman contacted appellant's husband by telephone to discuss the liability and damages aspect of the case. City Attorney John F. McCann also called appellant's husband to inquire into the physical condition of appellant. A second letter was sent by appellant's husband by registered mail to Lt. Gohman which letter was followed by conferences between the parties. All letters and negotiations preceded the expiration of the sixty day period stipulated in the statute as the time given for notice.

As pointed out in the majority opinion of the Appellate Court, there has been some confusion relative to the notice statute and a cause of action arising from the failure of a city to maintain its streets and sidewalks. The issue essentially is whether the right to sue a municipality for the negligent maintenance of its property, including streets and sidewalks, had its origin under the common law or was created by statute. A determination on this question, it is contended, will govern the construction given the notice statute, insofar as permissible deviations from the specific requirements of notice contained therein are concerned. Appellant argues that the right to a cause of action existed at common law and the requirements of the notice statute are procedural only. Appellee, on the other hand, contends that strict compliance with the statute is a *condition precedent* to the maintenance of the suit, the satisfaction of the notice requirements being mandatory.

As pointed out by apellant, this court originally took the position that the liability of a city for negligence in the maintenance and repair of various municipally owned structures was of common law origin. In the case of *Ross* v. *City of Madison* (1848), 1 Ind. 281 plaintiff's property was damaged as a result of the failure of the city to properly

construct a culvert. In passing on the city's liability the court said:

> "It may also be considered as settled that municipal corporations are responsible to the same extent and in the same manner as natural persons, for injuries occasioned by the negligence or unskillfulness of their agents in the construction of works for the benefit of the cities or towns under their government." 1 Ind. at 284.

The common law duty was said to exist despite the absence of a positive statute where the municipal authorities were given the responsibility of keeping property, including streets and sidewalks, in repair and the means were provided for performing the task.

> "Where the duty to keep streets in repair is, in terms enjoined upon the corporate authorities, and they are supplied with the means to perform it, there is little difficulty, we think, in holding the corporation liable, on the general principles of the law, without an express statute declaring the liability to a civil action by any one specially injured by its neglect to discharge this specific duty. But where the duty to repair is not specifically enjoined, and an action for damages, caused by defective streets, is not expressly given, still, both the duty and the liabilitly, if there be nothing in the charter or legislation of the state to negative the inference, has often, and, in our judgment, properly, been deduced from special powers conferred upon the corporation to open, grade, improve, and exclusively control public streets within their limits, and from the means which, by taxation and local assessments, or both, the law places at its disposal to enable it to perform this duty." *Higert* v. *City of Greencastle* (1873), 43 Ind. 574, 586 quoting with approval from Dillon, *Municipal Corporations* § 789.

This position was reaffirmed as recently as 1941 in the case of *Aaron* v. *City of Tipton* (1941), 218 Ind. 227, 32 N. E. 2d 88. Opposed to this line of authority are those cases which hold that the giving of notice as required by the statute is a *condition precedent* to a right of action against a city.

"The liability of cities and towns for injuries resulting from defects in the streets, alleys, highways and bridges is implied from the provisions of the statutes which impose the duty upon such municipalities to keep the streets, alleys, highways and bridges in repair, and give them ample power to provide the means necessary to make such repairs. Said liability rests exclusively upon said statutes . . .
The provisions of said section [notice statute] are mandatory, and the giving of said notice is a condition precedent to a right of action." *Touhey* v. *City of Decatur* (1911), 175 Ind. 98, 100-101, 93 N. E. 540, 541.

See also *City of Indianapolis* v. *Uland* (1937), 212 Ind. 616, 10 N. E. 2d 907 and cases there cited. The Federal Court of Appeals for this circuit has likewise determined this rule to be the law in Indiana. *Bituminous Casualty Corp.* v. *City of Evansville* (7th Cir. 1951) 191 F. 2d 572.

As noted earlier, the last case to present the question to this court was that of *Aaron* v. *City of Tipton, supra,* wherein we held that the liability of the city for negligence was a common law liability arising from a breach of duty. It was further held that the purpose of the notice statute:

". . . was to inform the city officials with reasonable certainty of the time, place, cause and nature of the accident and the general nature and extent of the injuries so that the city might investigate all facts pertaining to its liability and prepare its defense or adjust the claim." 218 Ind. at 230-231.

We reaffirm the position taken in this case both as to the origin of the city's liability and the purpose of the notice statute. The statute then, constituting a limitation on a common law duty, must be strictly construed against such a limitation. *Stayner* v. *Nye* (1949), 227 Ind. 231, 85 N. E. 2d 496; *Milk Control Board* v. *Pursifull* (1941), 219 Ind. 396, 38 N. E. 2d 246.

In light of the above, it seems clear that the courts may be faced with a particular fact situation from which there could

be found substantial compliance with the notice statute sufficient against a demurrer (or motion under our new rules of civil procedure). In fact it appears that the doctrine of substantial compliance has already been tacitly applied in numerous cases under the doctrines of both *Aaron, supra,* and *Touhey, supra.* See for examples: *Hardebeck, et al.* v. *City of Anderson* (1965), 137 Ind. App. 455, 209 N. E. 2d 769; *City of Logansport* v. *Gammill* (1957), 128 Ind. App. 53, 145 N. E. 2d 908; *City of Gary* v. *Russell* (1953), 123 Ind. App. 609, 112 N. E. 2d 872; *Aaron* v. *City of Tipton, supra; Volk* v. *City of Michigan City* (1941), 109 Ind. App. 70, 32 N. E. 2d 724; *Town of Frankton* v. *Closser* (1939), 107 Ind. App. 193, 20 N. E. 2d 216; *City of Gary* v. *Wilson et al.* (1937), 103 Ind. App. 376, 8 N. E. 2d 109; *City of Columbus* v. *Goodnow, Administratrix* (1929), 91 Ind. App. 6, 168 N. E. 191; *City of Huntingburg* v. *Hocker* (1921), 76 Ind. App. 435, 130 N. E. 814; *City of Terre Haute* v. *O'Neal* (1920), 72 Ind. App. 485, 126 N. E. 26; *City of East Chicago* v. *Gilbert* (1915), 59 Ind. App. 613, 109 N. E. 404.

Appellee attempts to draw a distinction between compliance with the statute as it relates to the form and content of the notice itself and compliance as it relates to notice to the proper officials. It is pointed out that no cases have found substantial compliance with the notice provisions where there has been a failure to notify the proper city officials. However, *given the reasons and purpose of the notice requirement* as set out above, we can see no logical basis upon which this distinction can rest, nor has this court ever recognized such a distinction in its holdings.

Turning to the facts of the case before us, we assume that appellant complied with the statute in all respects except insofar as notice was not given to the mayor or the clerk as required by the statute, there being no challenge directed at other aspects of the notice given. Consequently, we shall direct our attention only to the sufficiency of the notice as it relates to the parties upon whom it was served.

As noted earlier, notice was given by way of two letters sent to the City Legal Department, one of which was certified. We take judicial notice of the fact that city government today is extremely complex. Cities as large as Indianapolis have numerous departments and agencies, the functioning of which remains a mystery to the average citizen. His official contacts with city government are minimal. He has no copy of the city ordinances or Burns' Annotated Statutes handy to guide him in his dealings. Here, appellant's husband, without the aid of an attorney, attempted to fully apprise the city of the accident and surrounding circumstances by notifying the legal department. Such action has both logic and common sense to commend it.

The City Legal Department may properly be viewed as the agent of the mayor for certain purposes, one of which is to receive notice under the notice statute of suits to be brought against the city. Ind. Ann. Stat. § 48-1801 provides in pertinent part as follows:

"The head of the department of law in every city shall be the attorney and counsel of such city.

. . . He shall have the management, charge and control of the law business of such city and for each branch of its government . . . shall be the custodian of the papers properly appertaining to his office . . . He shall conduct all legal proceedings authorized by this act . . . The city attorney of every city shall promptly commence all proceedings necessary or advisable for the protection or enforcement of the rights of such city or of the public. He shall report to the mayor, in writing, all such matters as he may deem important, and to the depatment of finance all judgments for which such city shall be liable."

Under the above quoted statute, we hold that the city attorney had the authority to accept notice on behalf of the mayor, as the mayor's agent under the notice statute. The purpose of the notice statute being to advise the city of the accident so that it may promptly investigate the surrounding circumstances, we see no need to endorse a policy

which renders the statute a trap for the unwary *where such purpose has in fact been satisfied.* In the case of *Stone* v. *District of Columbia* (D.C. Cir. 1956) 237 F. 2d 28, the court, passing on the sufficiency of notice to the District's corporation counsel under a notice statute similar to our own made the following statement:

> "To insist that the notice must be addressed to the Commissioners, and to rule out as insufficient a notice addressed to their counsel, to whom Congress has delegated the responsibility for defending the District against suit, seems to us most unreasonable. Congress could hardly have intended that failure to observe such an idle formality should cause a claimant to be denied his day in court . . . We conclude that Section 1-301 of the Code makes notice to the Corporation Counsel, if otherwise adequate, equivalent to notice to the Commissioners for the purpose of Section 12-208." 237 F. 2d at 29, 30.

We fully agree and hold that appellant has substantially complied with the notice statute in the instant case sufficient agains a demurrer.

In light of the foregoing, we grant transfer of the cause and hold that the Appellate Court erred in the affirmance of the trial court's action in sustaining appellee's demurrer to appellant's complaint. The Appellate Court judgment is therefore vacated with instructions to the trial court to overrule said demurrer and proceed with the cause on the merits.

Transfer granted.

Arterburn, DeBruler, Givan and Jackson, JJ., concur.

NOTE.—Reported in 255 N. E. 2d 225.