GERTIE BROWN, INDIVIDUALLY AND AS NEXT FRIEND OF NORRIS F. BROWN, A MINOR *v.* CITY OF SOUTH BEND, INDIANA.

[No. 670A93. Filed March 12, 1971.]

*Myron J. Hack, Hack & Gonderman,* of South Bend, for appellants.

*James H. Pankow, Jones, Obenshain, Johnson, Ford & Pankow,* of South Bend, for appellee.

ROBERTSON, J.—Minor-appellant Norris F. Brown was injured while playing on a large pre-cast concrete sewer pipe which was being used on a construction project. The date of

the alleged injury was the 6th day of October, 1967. On the 16th day of October, 1967, notice of the injury, as required by Burns' Indiana Statutes § 48-8001, was filed with the City Clerk of South Bend. An amended, and slightly more detailed, notice was subsequently filed with the City Clerk on the 23rd of October, 1967. Both notices were filed within the prescribed 60-day time limit set by the statute.

On June 12, 1968, a complaint for damages was filed on behalf of Norris F. Brown, with his widowed mother acting individually and as his next best friend. The City of South Bend was named as a defendant, as well as two contractors involved in the construction project, however, this appeal is concerned only with the City of South Bend.

Thereafter a rather tedious series of pleadings and counter-pleadings evolved. The appellee filed demurrers to the original, amended and second amended complaints and was sustained in each instance. The demurrers were, with one exception, directed to the sufficiency of the notice to the city. It should be noted that Myron J. Hack, attorney for the appellant, was not the counsel commencing the cause of action below.

The third amended complaint was filed and the city responded with a plea in abatement based, again, upon the legal proposition that the notices to the city were not sufficient in their content, therefore the condition precedent to bring suit, as set out in Burns' Indiana Statutes § 48-8001, had not been complied with. On November 27, 1968, the court made the following record:

> "Comes now the plaintiff and admits the allegations contained in the answer in abatement of the City of South Bend, Indiana.
>
> "And now the Court finds for the City of South Bend upon its Answer in Abatement, that this action abate as to the defendant City of South Bend.
>
> "And now the Costs accruing as to this action with reference to the defendant City of South Bend are assessed against the plaintiff."

A second amended supplemental notice was given to the city by the appellant on the 25th of February, 1969, followed by the filing of a fourth amended complaint on the 7th of April. The appellee filed a plea in abatement setting forth the court's entry of November 27, 1968, and that no subsequent summons had been served on the city. The plea in abatement was sustained. The plaintiff then filed a motion to join an additional defendant (The City of South Bend) and that alias summons issue. The court sustained the motion. The city filed another plea in abatement, containing the allegations of the prior plea in abatement and the additional factor of attacking the timeliness of the notice to the city dated on the 25th of February, 1969. The plaintiff filed a demurrer to the city's plea in abatement. Appellant contended that the plea in abatement did not differentiate between the two plaintiffs and that notice of 25th of February, 1969, related back to the original notices of 1967. On the 23rd of June, 1969, the court overruled the demurrer and sustained the city's plea in abatement. On the 30th of September, 1969, the appellant filed a lengthy motion to reconsider setting forth the errors thought to exist and his legal authorities in support thereof. The city then filed a motion to enter judgment and abate the action. On 6th of January, 1970, the court made the following entry:

"Comes now the defendant, City of South Bend, Indiana, and moves for judgment abating action as to it.

"And now the Court grants said motion, all as per form of order, signed and filed, to-wit:

## JUDGMENT

"The above cause of action is abated as to the defendant City of South Bend, Indiana.

"Dated this 6th of January, 1970."

Appellant's motion to correct errors which was filed on February 24, 1970, in two parts, one as it pertained to both plaintiff-appellants, and one directed to the minor plaintiff-appellant only, was overruled one month later.

The appellee has filed a motion to dismiss or in the alternative affirm the appeal, contending that the order of November 27, 1968, was a final judgment from which the time to file a motion for a new trial began.

An order sustaining a plea in abatement is not a final judgment, unless the plaintiff refuses to plead over or judgment is entered for the defendant. The fact that the plaintiff did properly file a fourth amended complaint removes the court's entry of November 27, 1968, from the category of being a final judgment. Wiltrout, *Indiana Practice,* Vol. 3, § 2153, pp. 32, 33. *Bluffton, etc., Co.* v. *Moore-Mansfield, etc., Co.* (1916), 60 Ind. App. 567, 109 N. E. 406.

The subsequent action of both the parties and the court also indicates the intent of all concerned to treat the entry of 27 November as a "ruling." Not only did the plaintiff-appellant plead over, but the court, among other things, ordered alias summons issued, and the defendant-appellee filed a pleading directed to the merits of the case. All of this activity is inconsistent with the contention of a final judgment. *Fairwood Bluffs Conservancy District* v. *Imel* (1970), 146 Ind. App. 352, 255 N. E. 2d 674, at p. 683.

The appellee cites as his authority the case of *Greensburg Water Co.* v. *Lewis* (1920), 189 Ind. 439, 128 N. E. 103, wherein the assessment of costs constitutes a final judgment. We must agree that costs will, normally, give an indication of finality, however, the *Greensburg* case, *supra,* is distinguishable from the case at bar, in that the non-prevailing party elected to not plead over.

The motion to dismiss, is overruled, and we shall now proceed to decide this appeal upon the merits.

The first assignment of error raised by the appellant, in substance, relates to the rulings of the court sustaining the attack upon the sufficiency of the original and amended notices to the city. The appellee's consistent position has been based upon a deficiency of the description of the injuries sus-

tained by the minor-appellant. The body of the original notice reads as follows:

"YOU ARE HEREBY NOTIFIED:
'That on or about the 6th day of October, 1967, at approximately 6:30 p.m. at the corner of South and Scott Streets on the said Scott Street, an accident did occur wherein Norris F. Brown, the son of Gertie B. Brown was injured. That at the aforementioned place and time the City of South Bend, Indiana, by and through its employees and other agencies did allow a hazardous condition to exist thereby creating an attractive nuisance and drawing to the same the said Norris F. Brown enabling him to injure himself as the direct and proximate result of the negligence of the aforementioned.
"DATED this 16th day of October, 1967."

The body of the amended notice reads as follows:

"YOU ARE HEREBY NOTIFIED:
"That on or about the 6th day of October, 1967, at approximately 6:30 p.m. at the corner of South and Scott Streets on the said Scott Street, an accident did occur wherein Norris F. Brown, the son of Gertie B. Brown was injured. That at the aforementioned place and time the City of South Bend, Indiana, by and through its employees and other agencies did allow a hazardous condition to exist creating an attractive nuisance and thereby drawing to the same the said minor Norris F. Brown enabling him to injure himself as the direct and approximate result of the negligence and nuisance of the aforementioned. That the said negligence and nuisance created by the City of South Bend, Indiana, consisted of among other things, allowing sewer piping which was unguarded and unsecured to lie open in the street thereby attracting children to play upon the same and injure themselves.
"DATED this 23rd day of October, 1967."

The pertinent part of the statute requiring notice to the city reads:

"Notice of claim against cities and towns.—Hereafter no action or actions of any kind for damages arising from any negligence, wilfulness, nuisance or other tort of any civil city or town that causes injury to any person, or loss, injury or damage to any property, or any wrongful death, and regardless of to whom any such action or actions may ac-

crue, shall be brought or maintained against any civil city or town unless there is first served upon either the mayor or clerk or clerk-treasurer of any such city or a member of the board of trustees of any such town, either by delivery thereto in person or by registered mail with return card, a written notice of the occurrence complained of, setting out therein a brief general description of the date and time, the place, the conditions and cause, the nature and extent of the injury to person and loss, injury or damage, if any, to property, the date and cause of any resulting death charged as wrongful and the nature of the damages arising to anyone therefrom, all as associated with and caused by such occurrence. The notice shall be dated and signed by the person giving the same and shall be served as aforesaid so as to be received by some such municipal official aforesaid within sixty [60] days after the occurrence complained of, regardless of what causes of action may arise or result therefrom . . ."—Burns' Indiana Statutes, § 48-8001.

There is no question raised in this appeal concerning the timeliness of the giving of the first two notices or the fact that they were filed with the appropriate municipal official.

The rule of law in Indiana regarding the interpretation of Burns' Indiana Statutes § 48-8001 is clear cut:

"In so far as concerns the requirement that the notice be given, and within the time specified, and to the proper officers, the statute is strictly construed. . . . But on the question of whether a notice in fact is sufficiently definite as to the time, place, nature, etc., of the injury, the rule of liberal construction is generally adopted by the courts." (Citing authorities.) *Volk* v. *City of Michigan City* (1941), 109 Ind. App. 70, 32 N. E. 2d 724.

A chronological reading of the cases dealing with the specificity of the notice reveals a liberalizing effect taking place over a period of time, examples being:

Authorization of an attorney to sign and give notice on behalf of a claimant is not a fatal defect. *City of Terre Haute* v. *Pigg* (1940), 108 Ind. App. 68, 27 N. E. 2d 137;

The filing of an unverified notice to the city, even though the statute required a verified signature at the time the injury

was sustained, was held to be sufficient. *Aaron* v. *City of Tipton* (1941), 218 Ind. 227, 32 N. E. 2d 88;

Failure to specify the city, in the body of the notice, in which a certain intersection was located was found to be sufficient. *Volk* v. *City of Michigan City, supra;*

Failure to the claimant to personally sign the notice to the city, even though the statute says it should be signed, was not held to be defective. *City of Gary* v. *Russell* (1953), 123 Ind. App. 609, 112 N. E. 2d 872;

Failure by deliver the notice to the specific official stated in the statute although there is actual notice on the part of the city law department is permitted. *Galbreath* v. *City of Indianapolis* (1970), 253 Ind. 472, 255 N. E. 2d 225.

The *Galbreath* case, *supra,* sets forth in no uncertain terms that the doctrine of substantial compliance is acceptable both in form and content in giving notice to Municipal officials in fulfilling the requirements of Burns' Indiana Statutes § 48-8001. The purpose of the statute is to allow the authorities the opportunity of investigation of the facts while the evidence is still available and the contents of the notice should not mislead those officials. *City of Logansport* v. *Gammill* (1957), 128 Ind. App. 53, 145 N. E. 2d 908; *City of Gary* v. *Russell, supra; Galbreath* v. *City of Indianapolis, supra.*

In reading the notices given to the City of South Bend, we hold that they were sufficient to comply with the doctrine of substantial compliance, although they should not be used as a model for future legal draftsmen. They did not mislead the city and they did allow the prompt investigation to which the city is entitled.

The court having determined, in considering Specification #1 of the assignment of errors, that the trial court committed reversible error in its ruling, is not now required to pass on the other specifications assigned as error and will not write on them.

Appellee's Motion to Dismiss is overruled.

The judgment of the court is reversed and the cause remanded for further action consistent with the holdings herein.

Sullivan, P.J., concurs; Buchanan and Lowdermilk, JJ., concur.

NOTE.—Reported in 267 N. E. 2d 400.