Richard E. JOHNSON, Catherine O. Johnson, Plaintiffs,

and

City of South Bend, Plaintiff-Intervenor,

v.

CONSOLIDATED RAIL CORPORATION and New York Air Brake Company, Defendants.

No. S 82–84.

United States District Court, N.D. Indiana, South Bend Division.

July 1, 1983.

---

Paul B. Kusbach, South Bend, Ind., for plaintiffs.

Gregory D. Loughridge, Deputy City Atty., South Bend, Ind., for plaintiff-intervenor.

Edward A. Chapleau, South Bend, Ind., Larry G. Evans, Valparaiso, Ind., for defendants.

## MEMORANDUM AND ORDER

SHARP, Chief Judge.

This case was originally filed on March 3, 1982, by plaintiffs, Richard E. and Catherine O. Johnson, against the defendants, Consolidated Rail Corporation (Conrail), Westinghouse Air Brake Corporation (dismissed as a party-defendant on February 4, 1983), and New York Air Brake Company. The complaint stemmed from injuries received by Mr. Johnson, an employee of the City of South Bend, Indiana, in a collision with a Conrail train while he was operating a city-owned motor vehicle.

On July 21, 1982, the City of South Bend (City) filed a motion to intervene as a party-plaintiff. On September 17, 1982, a pretrial conference was held in this matter, at which time the City was granted leave to proceed as a plaintiff-intervenor. On that same date, the City filed its complaint against Conrail. Thereafter, on October 29, 1982, Conrail filed its answer to the City's complaint, as well as a counterclaim (improperly designated a "cross-claim") against the City.

On May 16, 1983, the City filed a motion to dismiss Conrail's counterclaim, arguing that Conrail had failed to comply with the 180-day notice requirements of the Indiana Tort Claims Act, found at Ind.Code § 34–4–16.5–7 (1982 Burns Ann.) On May 27, 1983, Conrail responded to the motion to dismiss by contending, *inter alia,* that the City's untimely failure to assert the statutory notice requirement constituted a waiver of that defense. A hearing was then held in open court on the motion to dismiss on June 17, 1983, at the conclusion of which the City's motion was taken under advisement. This case is now before the court solely on the City's motion to dismiss.

Ind.Code § 34–4–16.5–7 reads as follows:

Except as provided in section 8 [34–4–16.-5–8] of this chapter a claim against a political subdivision is barred unless notice is filed with the governing body of that political subdivision within one hundred eighty [180] days after the loss occurs.

The line of cases construing this statute, from *Galbreath v. City of Indianapolis,* 253 Ind. 472, 255 N.E.2d 225 (1970), to *Teague v. Boone,* Ind.App., 442 N.E.2d 1119 (1982), reveals a generally uncompromising attitude on the part of the Indiana courts in interpreting its strict notice provisions. *Accord, see* Note, "Substantial Compliance with Municipal Tort Notice Requirements: *Galbreath v. City of Indianapolis,*" 46 Ind. L.J. 428 (1971); W. Harvey, "Survey of Recent Developments in Indiana Law: Civil Procedure and Jurisdiction," 11 Ind.L.Rev. 51, 55 (1978).

Nonetheless, there is no *absolute* requirement of formal, written notice, i.e., "the notice requirement can be waived or substantial compliance may be proved. Failure to raise the defense of non-compliance with the statute can also waive the notice requirement." *Delaware County v. Powell,* Ind., 393 N.E.2d 190, 191 (1979), citing *Thompson v. City of Aurora,* 263 Ind. 187, 325 N.E.2d 839, 842–43 (1975). Thus, the conduct of the municipality can waive the notice requirement. *Id.*

In *Coghill v. Badger,* Ind.App., 418 N.E.2d 1201 (1981), the Indiana Court of Appeals declared as follows:

> The sum of the holdings in recent years has been that when responsible agents or officials of a city have actual knowledge of the occurrence which causes injury and they pursue an investigation which reveals substantially the same information that the required notice would provide, and they thereafter follow a course of action which would *reasonably lead* a claimant to conclude that a formal notice would be unnecessary, then the filing of such a notice may be said to be waived.

Ind.App., 418 N.E.2d at 1209 (quoting with approval from *Rabinowitz v. Town of Bay Harbor Islands* (Fla.1965), 178 So.2d 9, 12–13).

The avowed purpose of the notice provisions under the Indiana Tort Claims Act is to afford municipal authorities the opportunity to investigate the facts surrounding an accident while the evidence is still available, and therefore contemplates situations wherein a private individual sues the municipality. See, e.g., Ind.Code § 34–4–16.5–12 (1982 Burns Ann.); *Brown v. City of South Bend,* 148 Ind.App. 436, 267 N.E.2d 400 (1971); *Logansport v. Gammill,* 128 Ind.App. 53, 145 N.E.2d 908 (1957); *City of Gary v. Russell,* 123 Ind.App. 609, 112 N.E.2d 872, 873 (1953).

In this case, it was the City which filed a claim against the defendant Conrail, not *vice versa,* and presumably only after having conducted an investigation into the facts surrounding the case. Thus, the position urged by the City in its motion to dismiss is clearly inapplicable to the facts of this case. To hold otherwise would lead to the absurdity of the City being allowed to press its claim against the defendant while, on the identical set of facts and the same cause of action, the defendant would be denied not only an effective defense, but any right to assert a counterclaim against the City.

Therefore, it is the decision of this court that the City has waived any affirmative defense regarding Conrail's putative failure to comply with the notice requirements of Ind.Code § 34–4–16.5–7. Accordingly, the City's motion to dismiss is hereby DENIED. SO ORDERED.