**Valerie J. WALLIS and Julie Curry,**

v.

**MARSHALL COUNTY COMMISSIONERS,**
Appellees.

**No. 43A04–8803–CV–101.**

Court of Appeals of Indiana,
Fourth District.

Dec. 28, 1988.

James L. Walmer, David C. Kolbe, Warsaw, for appellants.

R. Kent Rowe, Martin J. Gardner, Rowe Foley & Huelat, South Bend, for appellees.

MILLER, Judge.

Valerie J. Wallis and Julie Curry appeal an adverse summary judgment entered against them in their suit against the Marshall County Commissioners. The court found Wallis's and Curry's tort claim notices—sent by certified mail the 180th day after their loss but received by the County on the 181st day—were untimely filed. We affirm.

## ISSUE

Whether a tort claim notice, required by the Indiana Tort Claims Act (IND.CODE 34–4–16.5–7 & 11), is considered filed, for the purposes of computing timeliness, at the time of mailing when sent by certified mail?

## FACTS

Wallis, Curry, and some other persons (not identified for the purposes of this appeal), were injured in an automobile accident, August 3, 1985. Wallis and Curry wished to join an already existing lawsuit, as a third-party plaintiff and an intervenor respectively, against the County alleging its negligent maintenance of a stop sign caused the accident.

The Indiana Tort Claims Act requires notice be filed with the appropriate governing body within 180 days after a loss occurs. Wallis's and Curry's attorney mailed, by certified mail, tort claim notices to the County on January 30, 1986—the 180th day after the accident. The County received the notices the next day, January 31, 1986—the 181st day, one day after the period for statutory notice expired.

## DECISION

IND.CODE 34–4–16.5–7 & 11 govern the notice and service requirements of the Tort Claims Act. These sections read as follows:

"Sec. 7. (a) Except as provided in section 8 of this chapter, a claim against a political subdivision is barred unless notice is filed with:

(1) the governing body of that political subdivision; and

(2) the Indiana political subdivision risk management commission created under I.C. 27–1–29;

within one hundred eighty (180) days after the loss occurs." (Supp.1988) (pertinent part only)

"Sec. 11. The notices required by sections 6, 7, 8, and 10 of this chapter must be in writing and must be delivered in person or by registered or certified mail."

Wallis and Curry admit the "delivery" requirement of section 11 ordinarily means that filing is fulfilled only when the proper officials actually receive the notice. However, they assert sections 7 and 11 of the Tort Claims Act must be construed to be consistent with Ind.Rules of Procedure, Trial Rule 5(E) which allows filings to be complete upon a certified mailing.[1] They also point out case law has permitted an ordinary mailing (not certified or registered) to satisfy the Tort Claims Act notice requirement. *Burggrabe v. Board of Public Works* (1984), Ind.App., 469 N.E.2d 1233 (*trans. denied*). Thus, they claim the section 11 provision authorizing a certified mailing becomes meaningless unless it allows filing to be *complete* upon mailing.

Recently, Judge Fisher of the Indiana Tax Court construed the notice provision

---

1. Wallis and Curry argue a similar result is yielded by construing Ind.Rules of Procedure, Appellate Rule 12(C) with the Tort Claims Act.

However, A.R. 12(C) provides that filing is complete upon an ordinary mailing.

for filing an intent to appeal a decision to the Tax Court, IND.CODE 6–1.1–15–5(c)(1), with the notice provision of T.R. 5. *State Bd. of Tax Com'rs v. LeSea Broadcasting Corp.* (1987), Ind., 511 N.E.2d 1009 (Ind. Tax, 512 N.E.2d 506 adopted in entirety). He held a notice was timely when deposited in the mail within the prescribed time period. He reasoned T.R. 5 should be construed with the tax appeal notice requirement because the tax appeal provisions were "silent both as to the method of filing and as to any definition of 'filing'...." *Id.*, 511 N.E.2d at 1013.

Judge Fisher's rationale in *LeSea* is inapplicable in the present case.[2] Section 11 of the Tort Claims Act prescribes methods of filing—in person or by registered/certified mail and requires that notices must be "delivered." We hold the Act is not to be construed with T.R. 5. A certified mailing, to be "delivered", must be actually received by the proper official within 180 days.

Wallis and Curry next assert that filing notice under the Act must be complete upon a certified mailing because any other interpretation constitutes a "trap for the unwary" which mandates reversal under *Galbreath v. City of Indianapolis* (1970), 253 Ind. 472, 255 N.E.2d 225. They argue a strict interpretation of the notice provision is such a trap because most attorneys are familiar with the notice provision of T.R. 5 and would construe the Act's notice requirement consistently with the trial rule.

In *Galbreath*, our supreme court held the injured party's claim was not barred because she had substantially complied with the notice provision of the Act. She had sent letters to the city's legal department *within the statutory period*. But, the legal department was not the proper city official to be served. Our supreme court noted:

> "The purpose of the notice statute being to advise the city of the accident so that it may promptly investigate the sur-

rounding circumstances, we see no need to endorse a policy which renders the statute a trap for the unwary *where such purpose has in fact been satisfied.*" *Id.*, 255 N.E.2d at 229. (emphasis in original)

Following *Galbreath*, we held in *Burggrabe, supra*, that in order to fulfill the purpose of the notice requirement the statute would be *"strictly construed as to giving timely notice* to the proper officers, but liberally construed as to whether the notice is sufficiently definite as to time, place, nature, etc. of the injury." *Id.*, 469 N.E.2d at 1235. To fulfill the purpose of the statute one must notify the proper official within 180 days.

Wallis and Curry mailed their tort claim notices on the 180th day; the Marshall County Commissioners received the notice on the 181st day. We cannot grant Wallis and Curry relief under *Galbreath* because they failed to satisfy the purpose of the statute.

The conclusion we reach is supported by the authority of other jurisdictions. "The courts are in accord that a notice of claim mailed within the time specified by statute, but not received until after the expiration of such time, is insufficient to constitute notice." 56 Am.Jur.2d *Municipal Corporations* § 693 (1971); Annot. 175 A.L.R. 299.

For the above reasons, we affirm.

CONOVER, P.J., and STATON, J., concur.

---

**2.** Judge Fisher noted the trial rules are inapplicable to appeals from Industrial Board decisions because statutory provisions govern the notice of these administrative proceedings. *Clary v. National Friction Products, Inc.* (1972),

259 Ind. 581, 290 N.E.2d 53. The *Clary* decision supports our rationale because the Tort Claims Act contains statutory provisions pertaining to notice (sections 7 and 11).