Leslie R. HASTY, Appellant–Plaintiff,

v.

**FLOYD MEMORIAL HOSPITAL,**
Appellee–Defendant.

No. 22A01–9207–CV–219.

Court of Appeals of Indiana,
First District.

Nov. 16, 1992.

Publication Ordered March 18, 1993.

Ronald L. Davis, Jeffersonville, for appellant-plaintiff.

Richard L. Mattox, Mattox & Mattox, New Albany, for appellee-defendant.

BAKER, Judge.

Plaintiff-appellant Leslie R. Hasty filed a complaint against defendant-appellee Floyd Memorial Hospital (Floyd Memorial) for

damages arising from injuries she suffered when she slipped and fell in the hospital's hallway. The trial court granted Floyd Memorial's motion to dismiss Hasty's complaint, and Hasty now appeals. She raises two issues for our review, which we restate as:

I. Whether the trial court properly concluded Floyd Memorial is a political subdivision as defined by the Indiana Tort Claims Act (ITCA).[1]

II. Whether the trial court properly concluded Hasty failed to satisfy the notice requirement of the ITCA.

Affirmed.

## FACTS

According to Mrs. Hasty's complaint, on October 14, 1989, she entered the Floyd Memorial Hospital to visit a friend who was being treated there. As she approached the elevator, she slipped and fell on a floor she alleges was wet. Correspondence in the record reveals that on December 18, 1989, Floyd Memorial's insurer, Phico Insurance Company (Phico), sent Hasty a letter requesting her version of the incident and seeking medical and wage authorization releases. Hasty retained legal counsel, and by letter of January 8, 1990, her attorney responded to Phico's request for information about Hasty's allegations. The attorney informed Phico of his representation and indicated that Hasty was being treated for her injuries. He also indicated that his initial investigation revealed Floyd Memorial's employees were negligent in failing to adequately remove the slippery substance from the floor and for failing to adequately post warning signs. The attorney failed, however, to provide specific information about Hasty's injuries. By letter of January 31, 1990, Phico again requested a written response regarding Hasty's injuries, damages sought, known witnesses, and a detailed theory of liability.

The record reveals no further communication occurred until July 13, 1990, when Hasty gave a statement to a Phico representative. On August 6, 1990, Hasty gave

Phico signed medical authorization release forms to enable Phico to obtain her medical records for its investigation. Approximately two months later, on October 11, 1990, Phico informed Hasty that it was denying Floyd Memorial's liability. At that time, Phico also inquired whether Hasty had sent Floyd Memorial a "Notice of Claim" under the ITCA. She had not. Hasty did not take further action in her case for more than a year. Then, on October 14, 1991, she filed her complaint in the Floyd Superior Court.

On December 5, 1991, Floyd Memorial filed a motion to dismiss Hasty's complaint for failure to comply with the notice requirement under the ITCA. The trial court granted Floyd Memorial's motion, and Hasty appeals.

## DISCUSSION AND DECISION

### Standard of Review

The determination of whether someone complied with the notice provisions of the ITCA is a procedural question the trial court must determine prior to trial. *Hupp v. Hill* (1991), Ind.App., 576 N.E.2d 1320, 1323–24. A judgment based on noncompliance with the ITCA is subject to review as a negative judgment, and we will reverse the trial court's determination only if it is contrary to law. *Id.; Dunn v. City of Indianapolis* (1983), Ind.App., 451 N.E.2d 1122, *trans. denied.*

### I

### Political Subdivision

Hasty first challenges the trial court's determination Floyd Memorial falls within the ambit of the ITCA. As this court has stated previously, the clear legislative intent of the ITCA is to set up a uniform body of law to govern the prosecution of tort claims against the State and other governmental entities, including counties. *Gonser v. Board of Commissioners for Owen County* (1978), 177 Ind. App. 74, 378 N.E.2d 425.

1. IND.CODE 34–4–16.5–1 et seq.

■ As defined by IND.CODE 34–4–16.5–2(c), a "governmental entity" is the state or a political subdivision of the state. As defined by IND.CODE 34–4–16.5–2(f), a "political subdivision" is a:

(1) county
(2) township,
(3) city,
(4) town,
(5) separate municipal corporation,
(6) special taxing district,
(7) state college or university,
(8) city or county hospital,
(9) school corporation, or
(10) board of commission of one (1) of the entities listed in clauses (i) through (ix), inclusive, of this subdivision. . . .

The record reveals that in 1947, the Floyd County Commissioners provided for the establishment of Floyd Memorial Hospital (then called Memorial Hospital of Floyd County) by unanimous resolution. *Record* at 72. The Floyd Memorial finance director, Ronald R. Lee, testified that the county commissioners continue to appoint the hospital's board of trustees. Mr. Lee also testified that the original bond issue to build the hospital was financed by county bonds and that the Indiana State Board of Accountants audits the hospital each year. This evidence supports the finding that Floyd Memorial is a county hospital. As a county hospital, it falls within the ambit of the ITCA.

■ The trial court also requested Floyd Memorial to file a certified copy of the municipal ordinance which governs the establishment of county hospitals. The court stated it would not make its ruling until it received a copy for the record. Floyd Memorial complied, and the trial court ruled in its favor. Hasty now asserts the trial court improperly took judicial notice of the ordinance. Hasty's argument fails, however, because the trial court did not take judicial notice of the ordinance, it requested and received a certified copy.

Hasty also argues it was improper for the trial court to accept and review the copy of the ordinance after the hearing because it denied her the opportunity "to dispute the validity of such an ordinance, and to inquire as to the propriety of its enactment and applicability to the issues before the court." *Appellant's Brief* at 11. Hasty did not object to the procedure or the validity of the ordinance at the hearing, and, in fact, she has not challenged the ordinance's validity here. Even if she were to complain about the ordinance now, failure to object to the trial court's decision has resulted in waiver. *See Darlage v. Drummond* (1991), Ind.App., 576 N.E.2d 1303.

## II

### *Notice Requirement*

■ Hasty complains next the trial court erred when it concluded she failed to satisfy the ITCA's notice requirement. She argues Floyd Memorial's knowledge of her claim was sufficient to constitute substantial compliance with the statutory notice requirement. Hasty, who appeals from a negative judgment, has a heavy burden here. *See Dunn, supra.* We will reverse the trial court only if the evidence is without conflict, and all reasonable inferences supported by the evidence lead inescapably to a conclusion opposite of that the trial court reached. *Hupp, supra,* at 1326.

■ The ITCA's notice provision is set forth in part under IND.CODE 34–4–16.5–7, which provides, in relevant part:

(a) Except as provided in section 8 of this chapter, a claim against a political subdivision is barred unless notice is filed with:

(1) the governing body of that political subdivision: and

(2) the Indiana political subdivision risk management commission created under IC 27–1–29;

within one hundred (180) days after the loss occurs.

Codified at IND.CODE 34–4–16.5–9, the notice given must include the following information in a short and plain statement: (1) the circumstances which brought about the loss, (2) the extent of the loss, (3) the time and place the loss occurred, (4) the

names of all persons involved, if known, (5) the amount of damages sought, and (6) the residence of the person making the claim at the time of the loss and at the time of filing the notice. The purpose of the notice requirement is to provide the municipality the opportunity to investigate the facts surrounding an accident so that it may determine its liability and prepare a defense. *Burggrabe v. Board of Public Works of City of Evansville* (1984), Ind.App., 469 N.E.2d 1233, 1235–36, *trans. denied.* Substantial compliance with the notice requirement may be sufficient, however, provided the purpose of the requirement is satisfied. *Id.* at 1235. When deciding whether there has been substantial compliance, this court reviews whether the notice given was, in fact, sufficiently definite as to time, place, and nature of the injury. *Putnam County v. Caldwell* (1987), Ind.App., 505 N.E.2d 85.

■ The record reveals Hasty suffered her injuries on October 14, 1989. Pursuant to IND.CODE 34–4–16.5–7(a)(1), Hasty had to provide notice of her claim to Floyd Memorial's governing body within 180 days October 14, 1989, or by April 12, 1990. Hasty asserts the letter she sent on January 8, 1990, to Floyd Memorial's insurer, Phico, substantially complied with the notice requirement. Hasty is mistaken. Hasty's contact with Floyd Memorial's insurance carrier was insufficient to establish proper notice to Floyd Memorial's governing body, and Hasty does not dispute that she sent no notice to Floyd Memorial directly. *See Governmental Interinsurance Exchange v. Khayyata* (1988), Ind. App., 526 N.E.2d 745, 746 (notice to insurance carrier was not substantial compliance); *Coghill v. Badger* (1981), Ind.App., 418 N.E.2d 1201, 1205 (contact with defendant's claims adjuster was insufficient to establish proper notice).

■ Even if she had directed her communication to Floyd Memorial directly, Hasty's communication did not substantially comply with the notice requirement. In her letter of January 8, 1990, Hasty stated that she fell somewhere in the hospital, her fall was caused by a slippery substance on the floor, the hospital was negligent for failing to remove the substance or post warnings, and she was being treated for her [undisclosed] injuries. Phico responded by letter of January 31, 1990, and asked Hasty to provide detailed information regarding her injuries and damages. The April 14, 1990, deadline passed, however, and Hasty failed to provide specific information about her claim. The sketchy information Hasty did provide was insufficient to constitute substantial compliance with the ITCA's notice requirement. *See* IND. CODE 34–4–16.5–9. The trial court properly granted Floyd Memorial's motion to dismiss on the basis of Hasty's failure to comply with the notice requirement codified in IND.CODE 34–4–16.5–7.

The trial court's judgment is in all things affirmed.

RATLIFF, Senior Judge, and CHEZEM, J., concur.

### ORDER

This Court having heretofore on November 6, 1992 handed down its opinion in this appeal, marked "Memorandum Decision, Not for Publication"; and

Comes now the appellee, by counsel, and files herein Petition for Publication alleging therein that said opinion merits publication for the reasons that a conflict exists between the several Districts of the Court of Appeals of Indiana concerning whether notice to an insurance carrier amounts to notice to a political subdivision, the amount of the information required in a notice of a tort claim and that said Opinion provides clear guidance as to both the meaning of a "political subdivision" as well as the methods of proving the status of a county hospital, which said Petition is more particularly in the following words and figures, to-wit:

(H.I.)

And the Court, having examined said Petition, and being duly advised, now finds that the same should be granted and this Court's Memorandum Decision heretofore handed down on November 6, 1992 marked "Not for Publication" should now be ordered published.

IT IS THEREFORE ORDERED as follows:

The appellee's Petition for Publication is granted and this Court's opinion previously handed down on November 6, 1992 marked "Memorandum Decision, Not for Publication" is now ordered published.

CHEZEM, J., dissents and opposes publication.