Thomas L. PORTER and Tina Porter,
Appellants–Plaintiffs,

v.

FORT WAYNE COMMUNITY SCHOOLS and Elizabeth A. Wesner, Appellees–Defendants.

No. 02A04–0007–CV–312.

Court of Appeals of Indiana.

Jan. 30, 2001.

Daniel J. Borgmann, Helmke, Beams, Boyer & Wagner, Fort Wayne, IN, Attorney for Appellants.

Mark D. Ulmschneider, Steele, Ulmschneider & Malloy, Fort Wayne, IN, Attorney for Appellees.

## OPINION

NAJAM, Judge

### STATEMENT OF THE CASE

Thomas Porter[1] appeals from the trial court's grant of summary judgment in favor of Fort Wayne Community Schools ("Fort Wayne") and Elizabeth Wesner ("Wesner"). The sole issue presented for our review is whether the trial court erred when it found that Porter failed to comply with the notice requirements under the Indiana Tort Claims Act[2] ("ITCA") as a matter of law. On cross-appeal, Fort Wayne raises the issue of whether the trial court erred when it denied its motion to strike a portion of an affidavit Porter designated as evidence in support of his brief in opposition to summary judgment.

We affirm the trial court's denial of Fort Wayne's motion to strike, reverse the grant of summary judgment in favor of Fort Wayne and Wesner, and remand for further proceedings.

### FACTS AND PROCEDURAL HISTORY

On September 29, 1997, Porter sustained injuries when the vehicle he was driving collided with a Fort Wayne Community School bus driven by Wesner. Porter subsequently hired attorney Mitchell Hicks, who contacted Russell Miller, an adjuster for Fort Wayne's liability insurer.

---

1. Porter's wife, Tina, was also a plaintiff, but the Porters concede that they did not timely notify Fort Wayne Community Schools of her loss of consortium claim and that her claim is, therefore, barred under the Indiana Tort Claims Act.

2. Indiana Code Section 34–13–3–1 *et seq.* (formerly Indiana Code Section 34–4–16.5–1 *et seq.*)

Miller told Hicks to direct notice of Porter's tort claim against Fort Wayne to Carolyn Mihavics. On October 16, 1997, Hicks wrote Mihavics the following letter:

Re: My Client: Thomas Porter
Your Insured: Fort Wayne Community Schools
Date of Accident: September 29, 1997

Dear Ms. Mihavics[:]

Please be advised that I represent the interests of Thomas Porter as it relates to a collision which occurred on September 29, 1997, on Cook Road in Allen County. Fort Wayne Community School bus number 352, driven by Elizabeth Wesner, was exiting Northrup High School's parking lot and struck Mr. Porter's vehicle in the right front corner, causing significant damage to his truck as well as physical injuries to himself. From our initial investigation, it appears as though Fort Wayne Community Schools was the direct and proximate cause of the accident and, therefore, this letter is to inform you of our representation of Mr. Porter. It would be appreciated if you would communicate directly with me regarding this matter.

We will forward all information to support his claim upon receipt of the same.

Record at 71. Mihavics forwarded Hicks' letter to Dale Scherman, Director of Financial Affairs for Fort Wayne. Scherman was Fort Wayne's designated representative to receive complaints, summonses, tort notices, and "similar legal documents" filed against Fort Wayne. Record at 41. On July 16, 1998, insurance adjuster Katie Schultz wrote Hicks the following letter:

RE: OUR CLAIM NO: 0I1–06565R
OUR INSURED: Fort Wayne Community Schools
DATE OF LOSS: September 29, 1997
YOUR CLIENT: Mr. Thomas Porter

Dear Mr. [Hicks]:

I am writing this letter to inform you that I am now handling this file. Mr. Russell Miller had been in contact with you regarding this accident, but I would request that you send all future correspondence to my attention.

I have gone through the file and have a general idea of Mr. Porter's injuries and initial treatment. I would appreciate an update on these so I can be sure the file is reflective of your client's condition. This will also keep me current and help speed things up when you and your client are ready to settle.

I look forward to working with you and appreciate your cooperation.

Record at 77.

On September 24, 1999, the Porters filed a complaint against Fort Wayne and Wesner and filed an amended complaint on October 6, 1999. Fort Wayne and Wesner asserted as an affirmative defense that the Porters' claims were barred for failure to comply with the notice requirements of the ITCA, and they subsequently moved for summary judgment on that basis. Following a hearing, the trial court granted Fort Wayne and Wesner's motion for summary judgment.

## DISCUSSION AND DECISION

In reviewing a motion for summary judgment, we apply the same standard as the trial court, and we resolve any question of fact or an inference to be drawn therefrom in favor of the nonmoving party. *Foster v. Evergreen Healthcare, Inc.*, 716 N.E.2d 19, 23–24 (Ind.Ct.App.1999), *trans. denied.* Summary judgment is appropriate only if the designated evidentiary matter shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Ind. Trial Rule 56(C).

■ Once the moving party has met that burden with a prima facie showing, the burden shifts to the nonmoving party to demonstrate that there is a genuine issue of material fact for trial. *Jacques v.*

*Allied Bldg. Servs. of Ind.,* 717 N.E.2d 606, 608 (Ind.Ct.App.1999). Any doubt about the existence of a factual issue should be resolved against the movant, with all properly asserted facts and reasonable inferences construed in favor of the nonmovant. *Schrader v. Eli Lilly & Co.,* 639 N.E.2d 258, 261 (Ind.1994). The party appealing the grant of a motion for summary judgment bears the burden of persuading this court that the trial court erred. *Foster,* 716 N.E.2d at 24.

The determination of whether someone complied with the notice provisions of the ITCA is a procedural question the trial court must determine prior to trial. *Hasty v. Floyd Memorial Hospital,* 612 N.E.2d 119, 121 (Ind.Ct.App.1992). A judgment based on noncompliance with the ITCA is subject to review as a negative judgment, and we will reverse the trial court's determination only if it is contrary to law. *Id.*

Indiana Code Section 34–13–3–8 provides that a claim against a political subdivision, such as Fort Wayne Community Schools, is barred unless the claimant files notice with that subdivision within 180 days following an incident. In addition, Indiana Code Section 34–13–3–10 provides:

> The notice ... must describe in a short and plain statement the facts on which the claim is based. The statement must include the circumstances which brought about the loss, the extent of the loss, the time and place the loss occurred, the names of all persons involved if known, the amount of the damages sought, and the residence of the person making the claim at the time of the loss and at the time of filing the notice.

The purpose of the ITCA's notice requirements is to provide the political subdivision the opportunity to investigate the facts surrounding an accident so that it may determine its liability and prepare a defense. *Hasty,* 612 N.E.2d at 123. Substantial compliance with the notice requirement may be sufficient provided the purpose of the requirement is satisfied. *Id.* When deciding whether there has been substantial compliance, this court reviews whether the notice given was, in fact, sufficiently definite as to time, place, and nature of the injury. *Id.* It has long been the policy in Indiana to liberally apply the ITCA notice requirements to plaintiffs. *Scott v. Gatson,* 492 N.E.2d 337, 340 (Ind.Ct.App.1986). As our supreme court has stated, "we see no need to endorse a policy which renders the statute a trap for the unwary where [its] purpose has in fact been satisfied." *Galbreath v. City of Indianapolis,* 253 Ind. 472, 255 N.E.2d 225, 229 (1970).

Porter contends that Hicks' letter to Fort Wayne substantially complied with the notice requirements under the ITCA and, therefore, that his claim is not barred. Fort Wayne and Wesner respond that Hicks' letter, while timely, did not contain an affirmative statement of intent to pursue a tort claim and did not otherwise satisfy the purpose of the notice requirements under the ITCA.

In *Collier v. Prater,* 544 N.E.2d 497, 499 (Ind.1989), our supreme court stated, "In general, a notice that is filed within the 180 day period, *informs* the municipality of the claimant's intent to make a claim and contains sufficient information which reasonably affords the municipality an opportunity to promptly investigate the claim satisfies the purpose of the statute and will be held to substantially comply with it." (Emphasis added). Here, Hicks' letter was timely filed and included specific details regarding the collision. And although Hicks did not expressly state that Porter intended to file a claim against Fort Wayne and Wesner, Hicks stated his representation of Porter's "interests" and that additional information would be forwarded "to support his claim[.]" Record at 71. We conclude that Hicks' letter adequately informed Fort Wayne of Porter's intent to make a claim and provided sufficient information about the collision to facilitate Fort Wayne's investigation.

Indeed, the record shows that Fort Wayne considered Porter's letter to be notice of a tort claim. Fort Wayne's insurance company assigned a "claim number" to Porter's claim and maintained a file "reflective of [Porter's] condition." Record at 77. The insurance adjuster had "a general idea of Mr. Porter's injuries and initial treatment," sought to update her file, and made reference to settling his claim. Record at 77. Fort Wayne's conduct, then, was inconsistent with its position that Hicks' October 16, 1997 letter did not satisfy the purpose of the ITCA notice requirements. *See Delaware County v. Powell,* 272 Ind. 82, 393 N.E.2d 190, 192 (1979) (finding substantial compliance with tort notice requirements despite lack of any writing within 180 days where defendant's conduct established that purposes of notice statute were satisfied). We conclude that Hicks' letter was sufficiently definite as to time, place, and nature of Porter's injuries and, thus, substantially complied with the notice requirements of the ITCA.[3] The trial court erred when it granted Fort Wayne and Wesner's motion for summary judgment.

### Cross–Appeal

On cross-appeal, Fort Wayne argues that the trial court erred when it denied its motion to strike paragraph 15 of Hicks' affidavit, which Porter designated as evidence in opposition to Fort Wayne's motion for summary judgment. A trial court has broad discretion in refusing to grant a motion to strike. *Rausch v. Reinhold,* 716 N.E.2d 993, 999 (Ind.Ct.App. 1999). The court's decision will not be reversed unless prejudicial error is clearly shown. *Id.* at 999–1000.

Paragraph 15 of Hicks' affidavit reads:

> That in addition to the telephone conversations I had with Mr. Russell Miller, I also received written correspondence from Katie Schultz, another adjuster with Commercial Union Insurance Companies regarding the claim of Mr. Thomas Porter as is indicated on Exhibit "E."

Record at 68. A copy of Schultz's July 16, 1998 letter was attached to the affidavit as Exhibit E. Fort Wayne argues that Schultz's letter and Hicks' reference thereto are irrelevant to the issue of a tort claim notice since the letter was written more than four months after the 180 day time limit for notice had expired. Fort Wayne contends that the timing of the letter precludes its use to substantiate Porter's claim that he made a timely tort claim notice. We disagree.

The fact that Schultz's letter was written after the 180 day time limit had expired goes to the weight of the evidence, not its relevance. The content of the letter is clearly relevant to the issue of whether the purpose of the tort claim notice statute had been satisfied. *See Scott,* 492 N.E.2d at 340. We conclude that the trial court did not err when it denied Fort Wayne's motion to strike paragraph 15 of Hicks' affidavit.

Affirmed in part, reversed in part, and remanded for further proceedings.

KIRSCH, J., and VAIDIK, J., concur.

---

3. Our supreme court has expressly rejected defendants' efforts to seek "protection in the formalities of the notice requirements" where the purpose of the ITCA notice statute has been fulfilled. *See Collier,* 544 N.E.2d at 500. Accordingly, we will not adhere to formalities where, as here, "a plaintiff has made a good faith attempt to present a claim to a political subdivision; the political subdivision has referred the matter to an agent (here a claims adjuster) for further investigation; communications between the plaintiff and the agent have ensued; then, upon expiration of the 180 day notice period the political subdivision claims that the plaintiff has failed to comply with the technical provisions of notice and seeks to dismiss the claim." *See Scott,* 492 N.E.2d at 340.